TODD WILLIAMS, Plaintiff v. CITY OF JACKSONVILLE POLICE DEPARTMENT, BILLY J. HOUSTON and EARL K. BURKHART, Individually and in their official capacity, Defendants

No. COA03-1450

(Filed 3 August 2004)

**1. Appeal and Error— appealability—denial of summary judgment—res judicata and collateral estoppel**

The denial of summary judgment based on the defenses of res judicata and collateral estoppel may affect a substantial right and make the order immediately appealable.

**2. Collateral Estoppel and Res Judicata— state claims in federal court—not ruled upon—not barred by res judicata**

Res judicata did not bar state claims which a federal judge had expressly declined to review and dismissed without prejudice even though he also ruled on federal claims arising from the same traffic stop.

**3. Collateral Estoppel and Res Judicata— prior ruling on federal issues—underlying issues and identical elements—collateral estoppel**

Summary judgment should have been granted for defendants on civil claims against police officers and their department based on collateral estoppel where a federal court had ruled on underlying issues and identical elements when granting summary judgment for defendants on federal claims.

Appeal by defendants from order entered 1 May 2003 by Judge Paul L. Jones in Onslow County Superior Court. Heard in the Court of Appeals 16 June 2004.

*Ernest J. Wright, for plaintiff-appellee.*

*Crossley, McIntosh, Prior & Collier, by Brian E. Edes and Clay A. Collier, for defendants-appellants.*

TYSON, Judge.

The City of Jacksonville Police Department ("Jacksonville Police Department"), Officer Billy J. Houston ("Officer Houston"), and Officer Earl K. Burkhart ("Officer Burkhart") (collectively, "defendants") appeal from an order denying their Motion for Summary Judgment. We reverse.

## I. Background

Plaintiff originally filed this action on 2 March 2000 in Onslow County Superior Court from incidents that arose during a traffic stop of plaintiff by defendants. Plaintiff asserted claims for: (1) "personal injuries, pain and suffering, humiliation, loss of liberty and emotional distress" that he suffered as a result of defendants' "negligence, malicious and wanton conduct;" (2) "the action of Defendants violated the 4th and/or the 14th Amendments to the U.S. Constitution, protecting against unlawful seizures;" (3) "the acts and conduct of the Defendants . . . constitutes [sic] false arrest and negligence under the laws of the State of North Carolina;" and (4) "The City of Jacksonville intentionally or negligently failed to properly train its officers . . . ."

Defendants removed the action to the United States District Court for the Eastern District of North Carolina ("the U.S. District Court") pursuant to plaintiff's assertion of a violation of the Civil Rights Act, Title 42 U.S.C. § 1983 and moved for summary judgment. By Order entered 29 May 2001, the Honorable James C. Fox, Senior U.S. District Court Judge, granted defendants' motion. Judge Fox found, as a matter of law: (1) defendants had probable cause to stop and detain plaintiff; (2) defendants acted reasonably in conducting a pat-down search and in using "threat of force;" and (3) defendants did not use excessive force. Judge Fox also concluded, "Because the officers [Houston and Burkhart] did not commit any constitutional violation, summary judgment is also appropriate as to the plaintiff's claims against the City of Jacksonville." Judge Fox's Order stated, "To the extent that the plaintiff's complaint alleges state law causes of action, the court, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over such pendent claims, and ORDERS these claims DISMISSED without prejudice."

Plaintiff timely filed a new complaint on 16 November 2001 asserting the causes of action stated in his earlier complaint, except for deleting his claim for violations of the Fourth and Fourteenth Amendments of the United States Constitution. Defendants filed an answer and asserted thirty defenses, including governmental immunity, public duty doctrine, and res judicata/collateral estoppel. Defendants moved for summary judgment and asserted, "Plaintiff's pendant state tort claims are premised on either the lack of probable cause or the unreasonableness of Defendants' conduct . . . [and] are barred under the doctrines of res judicata and collateral estoppel in that the necessary elements of Plaintiff's claims have been previously

adjudicated in favor of Defendants." The trial court denied defendants' motion. Defendants appeal.

## II. Issues

The issues presented are whether: (1) this appeal is interlocutory; and (2) the trial court erred in denying defendants' Motion for Summary Judgment because the doctrines of *res judicata* and collateral estoppel bar plaintiff's claims.

## III. Interlocutory Appeal

[1] "The denial of summary judgment is not a final judgment, but rather is interlocutory in nature. We do not review interlocutory orders as a matter of course." *McCallum v. N.C. Coop. Extension Serv.*, 142 N.C. App. 48, 50, 542 S.E.2d 227, 230, *appeal dismissed and disc. rev. denied*, 353 N.C. 452, 548 S.E.2d 527 (2001) (citing *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950)). "If, however, 'the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review,' we may review the appeal under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1)." *McCallum*, 142 N.C. App. at 50, 542 S.E.2d at 230-31 (quoting *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995)).

Although interlocutory, "the denial of a motion for summary judgment based on the defense of *res judicata* may affect a substantial right, making the order immediately appealable." *Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993) (citations omitted). "Under the doctrine of *res judicata*, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them." *Id.* (citing *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986)).

> Denial of a summary judgment motion based on *res judicata* raises the possibility that a successful defendant will twice have to defend against the same claim by the same plaintiff, in frustration of the underlying principles of claim preclusion. Thus, the denial of summary judgment based on the defense of *res judicata* can affect a substantial right and may be immediately appealed.

*McCallum*, 142 N.C. App. at 51, 542 S.E.2d at 231 (citing *Bockweg*, 333 N.C. at 491, 428 S.E.2d at 161). "The denial of summary judgment based on collateral estoppel, like *res judicata*, may expose a suc-

cessful defendant to repetitious and unnecessary lawsuits. Accordingly, . . . the denial of a motion for summary judgment based on the defense of collateral estoppel may affect a substantial right . . . . [such that the appeal] is properly before us." *McCallum*, 142 N.C. App. at 51, 542 S.E.2d at 231. Defendants' appeal is properly before this Court.

### IV. Summary Judgment

Defendants argue the trial court erred in denying their motion for summary judgment based on *res judicata* and collateral estoppel.

Rule 56(c) of the North Carolina Rules of Civil Procedure provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003).

An issue is "genuine" if it can be proven by substantial evidence and a fact is "material" if it would constitute or irrevocably establish any material element of a claim or a defense. A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. Generally this means that on "undisputed aspects of the opposing evidential forecast," where there is no genuine issue of fact, the moving party is entitled to judgment as a matter of law. If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so.

*Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982) (internal citations omitted).

Here, defendants moved for summary judgment and asserted plaintiff's claims were barred under the doctrines of *res judicata* and collateral estoppel. The parties did not brief, move for, or present further arguments or other grounds to the trial court to support or contest the Motion for Summary Judgment. Our review is limited to whether defendants were entitled to summary judgment as a matter of law based on *res judicata* and collateral estoppel. *See McDonald v. Skeen*, 152 N.C. App. 228, 567 S.E.2d 209, *disc. rev. denied*, 356 N.C.

437, 571 S.E.2d 221 (2002) (addressing only the issue of collateral estoppel and declining to consider arguments that were not presented in motion or argued at the hearing); *see also* N.C.R. App. P. 10(b)(1).

## V. *Res Judicata* and Collateral Estoppel

The trial court concluded neither *res judicata* nor collateral estoppel precluded plaintiff's claims and denied defendants' Motion for Summary Judgment.

"The companion doctrines of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) have been developed by the courts for the dual purposes of protecting litigants from the burden of relitigating previously decided matters and promoting judicial economy by preventing needless litigation." *Bockweg*, 333 N.C. at 491, 428 S.E.2d at 161.

Where the second action between two parties is upon the same claim, the prior judgment serves as a bar to the relitigation of all matters that were or should have been adjudicated in the prior action. Where the second action between the same parties is upon a different claim, the prior judgment serves as a bar only as to issues actually litigated and determined in the original action.

*Id.* at 492, 428 S.E.2d at 161 (citations omitted). Our Supreme Court has distinguished between these two doctrines:

Under the doctrine of res judicata or "claim preclusion," a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies. The doctrine prevents the relitigation of all matters . . . that were or should have been adjudicated in the prior action. Under the companion doctrine of collateral estoppel, also known as "estoppel by judgment" or "issue preclusion," the determination of an issue in a prior judicial or administrative proceeding precludes the relitigation of that issue in a later action, provided the party against whom the estoppel is asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding.

*Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (internal citations and quotations omitted). *Res judicata* precludes a party from "bringing a subsequent action based on the 'same claim' . . . litigated in an earlier action . . . ." *Id.* Collateral

estoppel bars "the subsequent adjudication of a previously determined issue, even if the subsequent action is based on an entirely different claim." *Id.*

## VI. *Res Judicata*

**[2]** In *City-Wide Asphalt Paving, Inc. v. Alamance County,* we held the doctrines of *res judicata* and collateral estoppel did not bar the plaintiff's claims under the North Carolina Constitution, although the federal court had already ruled on the same issues under the United States Constitution. 132 N.C. App. 533, 536, 513 S.E.2d 335, 338, *appeal dismissed and disc. rev. denied,* 350 N.C. 826, 537 S.E.2d 815 (1999).

> After careful review of the record, briefs and contentions of both parties, we hold that plaintiff's claims are not barred by *res judicata* or collateral estoppel. The federal court expressly stated that it "declined to exercise supplemental jurisdiction over Plaintiff's state law claims," and dismissed them without prejudice. While the federal court did review federal due process and equal protection claims, this Court has stated that "our courts . . . when construing provisions of the North Carolina Constitution, are not bound by the opinions of the federal courts 'construing even identical provisions in the Constitution of the United States . . .' " and that "an independent determination of plaintiff's constitutional rights under the state constitution is required."

*Id.* at 536, 513 S.E.2d at 338 (quoting *Evans v. Cowan,* 122 N.C. App. 181, 183-84, 468 S.E.2d 575, 577, *aff'd per curiam,* 345 N.C. 177, 477 S.E.2d 926 (1996)).

Here, Judge Fox expressly declined to review plaintiff's state claims, and stated in his Order, "To the extent that the plaintiff's complaint alleges state law causes of action, the court, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over such pendent claims, and ORDERS these claims DISMISSED without prejudice." Plaintiff's complaint, filed after the U.S. District Court's ruling, alleged causes of action under state law for negligence, false arrest, and assault. By dismissing these claims without prejudice, plaintiff's "subsequent action" is not "based on the 'same claim' as that litigated in an earlier action." *Whitacre P'ship,* 358 N.C. at 15, 591 S.E.2d at 880.

We hold that plaintiff's claims are not barred by *res judicata* as Judge Fox's Order addressed only plaintiff's claims under federal law

and the United States Constitution. Judge Fox expressly declined to rule on plaintiff's causes of action controlled by state law.

## VII. Collateral Estoppel

[3] Defendants assert that the doctrine of collateral estoppel precludes plaintiff's suit in state court. "Under the doctrine of collateral estoppel, when an issue has been fully litigated and decided, it cannot be contested again between the same parties, even if the first adjudication is conducted in federal court and the second in state court." *McCallum*, 142 N.C. App. at 52, 542 S.E.2d at 231 (citation omitted). This Court has held:

> Although plaintiff's present state court claims are different from those brought in federal court, his state court claims may contain issues previously litigated and determined in the federal court. Thus, plaintiff may be collaterally estopped from re-litigating these issues. To hold otherwise, . . . would mean that state courts are *never* barred from hearing state constitutional claims or issues pertinent to such claims, even when such issues have been previously litigated in the federal courts. Such a finding would directly violate the underlying principle of judicial economy that precipitated the creation of the collateral estoppel and *res judicata* doctrines . . . . We reaffirm, therefore, that collateral estoppel may prevent the re-litigation of issues that are necessary to the decision of a North Carolina constitutional claim and that have been previously decided in federal court.

*Id.* at 53-54, 542 S.E.2d at 232-33. For collateral estoppel to bar a party's subsequent claim:

> (1) the issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

*Id.* at 54, 542 S.E.2d at 233 (quoting *King v. Grindstaff*, 284 N.C. 348, 358, 200 S.E.2d 799, 806 (1973)).

Here, the federal court's Order addressed the issue of whether "Defendant Billy Houston and Defendant Earl K. Burkhart violated [plaintiff's] Fourth and Fourteenth Amendment rights during a traffic

stop . . . ." In granting summary judgment for defendants on the issues of unlawful seizure and excessive force under the United States Constitution, Judge Fox ruled, among other things, Officer Houston and Officer Burkhart: (1) did not "expand[] the permissible scope of the stop;" (2) did not use excessive force because "the threat of force displayed by Houston in order to persuade the driver not to leave the scene was not unreasonable;" (3) "did not violate the plaintiff's Fourth Amendment rights" by asking the plaintiff to step out of his vehicle; and (4) "a pat-down search was not unreasonable under the circumstances . . . ." The U.S. District Court held, "Because the officers did not commit any constitutional violation, summary judgment is also appropriate as to the plaintiff's claims against the City of Jacksonville [Police]."

Following entry of the U.S. District Court's Order, plaintiff filed a new complaint in state court and asserted claims for negligence, false arrest, and assault. Plaintiff also asserted the Jacksonville Police Department negligently trained its officers. While the U.S. District Court's Order did not rule on defendants' ultimate liability for these claims, the Order ruled on several underlying issues and identical elements of these claims. To the extent the U.S. District Court ruled on these issues, plaintiff is barred from relitigating the issues in state court. *See McCallum*, 142 N.C. App. at 53, 542 S.E.2d at 232.

## A. Negligence

Plaintiff's complaint alleges Officer Houston and Officer Burkhart acted negligently in their official and individual capacity. " 'In a negligence action, a law enforcement officer is held to the standard of care that a reasonably prudent person would exercise in the discharge of official duties of like nature under like circumstances.' " *Prior v. Pruett*, 143 N.C. App. 612, 620, 550 S.E.2d 166, 172 (2001), *disc. rev. denied*, 355 N.C. 493, 563 S.E.2d 572 (2002) (quoting *Best v. Duke University*, 337 N.C. 742, 752, 448 S.E.2d 506, 511-12 (1994) (quoting *Bullins v. Schmidt*, 322 N.C. 580, 582, 369 S.E.2d 601, 603 (1988))). A law enforcement officer may be held liable for use of "unreasonable or excessive force" upon another person. N.C. Gen. Stat. § 15A-401(d)(2) (2003).

In the U.S. District Court's Order, Judge Fox held, "Viewed from the perspective of an objectively reasonable police officer, the court concludes that the threat of force displayed by Houston . . . was not unreasonable." Additionally, the officers' actions did "not amount to an unreasonable seizure," and the "pat-down search was

not unreasonable under the circumstances . . . ." The issues regarding the reasonableness of Officer Houston and Officer Burkhart's actions were litigated in federal court. Plaintiff is precluded from relitigating the issue of whether the officers acted reasonably in performing their official duties. The trial court erred in failing to grant summary judgment for defendants in their official capacity on the issue of negligence.

"To withstand a law enforcement officer's motion for summary judgment on the issue of individual capacity, plaintiff must allege and forecast evidence demonstrating the officers acted maliciously, corruptly, or beyond the scope of duty." *Prior*, 143 N.C. App. at 623, 550 S.E.2d at 173-74. "[S]tate governmental officials can be sued in their individual capacities for damages under section 1983." *Corum v. University of North Carolina*, 330 N.C. 761, 772, 413 S.E.2d 276, 283, *reh'g denied*, 331 N.C. 558, 418 S.E.2d 664, *cert. denied*, 506 U.S. 985, 121 L. Ed. 2d 431 (1992) (citing *Kentucky v. Graham*, 473 U.S. 159, 87 L. Ed. 2d 114 (1985)).

> [U]nlike a suit against a state official in his official capacity, which is basically a suit against the official office and therefore against the State itself, a suit against an individual who happens to be a governmental official but is not acting in his official capacity is not imputed to the State. Such individuals are sued as individuals, not as governmental employees.

*Corum*, 330 N.C. at 772, 413 S.E.2d at 283.

In support of his claim that defendants acted negligently in their individual capacity, plaintiff asserts that Officer Houston "intentionally," "negligently[,] and maliciously pointed a loaded weapon" at plaintiff. Other than this broad assertion, plaintiff presents no other allegation or forecast of evidence to show that defendants acted "maliciously, corruptly, or beyond the scope of duty." *Prior*, 143 N.C. App. at 623, 550 S.E.2d at 174. The U.S. District Court ruled that Officer Houston acted reasonably in pointing his service weapon at plaintiff. Plaintiff is collaterally estopped from relitigating this issue.

Plaintiff's complaint also alleges that defendants "intentionally destroyed dispatch tapes" and "conspired to unnecessarily call the plaintiff's supervisor to the scene . . . ." Judge Fox's Order recites these allegations and indicates that he considered these actions in ruling on plaintiff's claim under 42 U.S.C. § 1983. The U.S. District

Court's Order does not rule on the ultimate issue of defendants' *negligence* in their individual capacity. However, Judge Fox's award of summary judgment to defendants essentially ruled both officers' actions were reasonable; neither officer violated plaintiff's constitutional rights; and their actions did not extend "beyond the scope of duty." *Id.* Collateral estoppel precludes plaintiff's suit on the issue of negligence for Officer Houston and Officer Burkhart in their individual capacity. The trial court erred in denying defendants' Motion for Summary Judgment on the issue of negligence.

### B.  False Arrest

"[U]nder state law, a cause of action in tort will lie for false imprisonment, based upon the 'illegal restraint of one's person against his will.' A false arrest, *i.e.*, one without proper legal authority, is one means of committing a false imprisonment." *Myrick v. Cooley*, 91 N.C. App. 209, 212, 371 S.E.2d 492, 494, *disc. rev. denied*, 323 N.C. 477, 373 S.E.2d 865 (1988) (quoting *Mobley v. Broome*, 248 N.C. 54, 56, 102 S.E.2d 407, 409 (1958)). Probable cause is an absolute bar to a claim for false arrest. *Burton v. City of Durham*, 118 N.C. App. 676, 682, 457 S.E.2d 329, 333, *disc. rev. denied and cert. denied*, 341 N.C. 419, 461 S.E.2d 756 (1995) (citing *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985)).

In the prior federal court action, Judge Fox ruled that Officer Burkhart had probable cause to detain plaintiff because "plaintiff admittedly drove his vehicle in excess of the speed limit." Further, Judge Fox ruled that defendants did not unreasonably expand the permissible scope of the stop. As probable cause is an absolute bar to plaintiff's claim, he is collaterally estopped from relitigating this issue. Plaintiff's claim for false arrest fails. *Burton*, 118 N.C. App. at 682, 457 S.E.2d at 333. The trial court erred in failing to grant summary judgment on plaintiff's claim of false arrest.

### C.  Assault

" '[A] civil action for damages for assault . . . is available at common law against one who, for the accomplishment of a legitimate purpose, such as justifiable arrest, uses force which is excessive under the given circumstances.' " *Thomas v. Sellers*, 142 N.C. App. 310, 315, 542 S.E.2d 283, 287 (2001) (quoting *Myrick*, 91 N.C. App. at 215, 371 S.E.2d at 496).

An officer of the law has the right to use such force as he may reasonably believe necessary in the proper discharge of his duties to

effect an arrest. Within reasonable limits, the officer is properly left with the discretion to determine the amount of force required under the circumstances as they appeared to him at the time of the arrest.

*State v. Anderson*, 40 N.C. App. 318, 321, 253 S.E.2d 48, 50 (1979) (citations omitted).

In the prior federal court action, Judge Fox held that defendants' display of force and the subsequent pat-down search of plaintiff were reasonable under the circumstances. Collateral estoppel bars plaintiff from relitigating these issues and bars plaintiff's assault claim in state court. The trial court erred in failing to grant summary judgment in favor of defendants on plaintiff's assault claim.

### D. Jacksonville Police Department

"Without an underlying negligence charge against the [law enforcement officers], a claim of negligence against the [department] can not [sic] be supported." *Prior*, 143 N.C. App. at 622, 550 S.E.2d at 172-73 (citing *Johnson v. Lamb*, 273 N.C. 701, 707, 161 S.E.2d 131, 137 (1968); *Wrenn v. Maria Parham Hosp., Inc.*, 135 N.C. App. 672, 681, 522 S.E.2d 789, 794 (1999)). To the extent collateral estoppel bars plaintiff's claims against defendants' in their official governmental capacity, plaintiff is precluded from asserting a negligence action against the Jacksonville Police Department.

### VII. Conclusion

Plaintiff's claims are not barred by *res judicata*. However, the trial court erred in failing to grant summary judgment in favor of defendants based on collateral estoppel. Essential elements of plaintiff's claims for false arrest and assault were raised, litigated, and ruled upon in the U.S. District Court's Order. *See McCallum*, 142 N.C. App. at 55, 542 S.E.2d at 233.

Judge Fox also ruled that Officer Houston and Officer Burkhart acted reasonably and within the scope of their duties in stopping and detaining plaintiff and also in their show of force and pat-down search of plaintiff. Collateral estoppel bars plaintiff's action against defendants for negligence in their official and individual capacities. Without liability shown for defendants' conduct in their official capacity, plaintiff's claim against the Jacksonville Police Department for negligent training fails. The judgment of the trial court is reversed

and this cause is remanded to the trial court for entry of summary judgment for defendants.

Reversed and remanded.

Judges BRYANT and STEELMAN concur.