NO. COA14-257

NORTH CAROLINA COURT OF APPEALS

Filed: 21 October 2014

WHITEHURST INVESTMENT PROPERTIES,
LLC,

    Plaintiff,

    v.

NEWBRIDGE BANK, and HENRY
PROPERTIES, LLC,

    Defendants.

Guilford County
No. 13 CVS 6888

Appeal by defendant NewBridge Bank from order entered 22 October 2013 by Judge James M. Webb in Guilford County Superior Court. Heard in the Court of Appeals 27 August 2014.

> *James, McElroy & Diehl, P.A., by Preston O. Odom, III and John R. Buric, for plaintiff-appellee.*

> *Carruthers & Roth, P.A., by Rachel S. Decker and J. Patrick Haywood, for defendant-appellant NewBridge Bank.*

HUNTER, Robert C., Judge.

Whitehurst Investment Properties, LLC ("plaintiff" or "Whitehurst") filed this action against NewBridge Bank ("NewBridge") and Henry Properties, LLC ("HP") (collectively "defendants"), asserting claims for breach of contract, unjust enrichment, and declaratory judgment. NewBridge appeals from

the trial court's order denying defendants' motion to dismiss.[1] On appeal, NewBridge argues that the trial court erred in denying the motion to dismiss because the doctrines of *res judicata* and collateral estoppel bar plaintiff's claims.

After careful review, we dismiss this appeal from the trial court's interlocutory order.

## Background

On 5 December 2001, Starmount Company ("Starmount") and Henry James Bar-Be-Que, Inc. ("HJBBQ") executed a Ground Lease Agreement ("Ground Lease"). Under the Ground Lease, Starmount assumed a landlord position, leasing to HJBBQ a 2.28 acre property (the "property") in Greensboro, North Carolina. The Ground Lease also provided that if the tenant decided to sublease the property, the Landlord (Starmount) would be entitled to any excess rent payments. HJBBQ contracted with NewBridge's predecessor in interest to finance construction of a building on the property, which was required under the Ground Lease. HJBBQ and NewBridge entered into a Leasehold Deed of Trust ("the Deed of Trust") as security for the loans made to HJBBQ. However, the Deed of Trust provided that NewBridge was entitled to any excess rents that may be produced by sublease.

---

[1] HP did not appeal from the trial court's order.

NewBridge entered into a Landlord's Consent agreement with Starmount, in which Starmount consented to this amendment to the Ground Lease.

Starmount sold the property to Whitehurst in December 2007, making Whitehurst the successor to all of Starmount's interests as landlord under the Ground Lease. In October and November 2008, Whitehurst forwarded notices of lease default to NewBridge. In August 2009, NewBridge created HP as its wholly owned subsidiary. HJBBQ then assigned its interest in the Ground Lease to HP through an Assignment in Lieu of Foreclosure, through which HP assumed every obligation as tenant under the Ground Lease.

HP was obligated to pay plaintiff $4,965.84 per month under the terms of the Ground Lease. On 20 August 2009, HP executed a sublease to another restaurant, REFS, LLC. Pursuant to the sublease, REFS agreed to pay HP rent in the amount of $9,500 per month from 20 December 2009 to 19 April 2010, later increasing to $14,000 per month from 20 April 2010 to 19 November 2010. The parties disputed who was entitled to the rent payments in excess of the $4,965.84 set forth in the Ground Lease.

On 31 August 2009, NewBridge and HP sued Whitehurst alleging, among other claims, breach of contract ("the First

Action"). On 31 December 2009, Whitehurst counterclaimed for a declaratory judgment asserting its right to the excess rent payment. Following dismissal of all other claims, Whitehurst's declaratory judgment counterclaim was the only matter still before the trial court.

On 14 March 2011, the Honorable John O. Craig entered judgment in favor of NewBridge and HP. This Court reversed on appeal, holding that the Deed of Trust executed by HJBBQ and NewBridge was cancelled in exchange for the Assignment in Lieu of Foreclosure. *See NewBridge Bank v. Kotis Holdings, LLC*, No. COA11-1016, 2012 WL 3570377 (Aug. 21, 2012) ("*NewBridge I*"). Therefore, the Ground Lease became the controlling contract, which awarded any excess rent payment to Starmount, and therefore Whitehurst, by its plain language. On remand, the trial court granted summary judgment in favor of Whitehurst as ordered by this Court.

Whitehurst thereafter demanded payment of excess rent, which HP refused to pay. Whitehurst commenced the current action against NewBridge and HP on 11 July 2013 for breach of contract, unjust enrichment, and declaratory judgment. In its complaint, Whitehurst alleged that HP was the legal alter ego of NewBridge, and therefore, NewBridge was liable for the excess

rents paid to HP. On 14 August 2013, defendants moved to dismiss plaintiff's claims on *res judicata* and collateral estoppel grounds, which was denied on 22 October 2013. NewBridge filed timely notice of appeal from the trial court's order.

## Discussion

### I. Grounds for Appellate Review

NewBridge first contends that the trial court's interlocutory order is immediately appealable because a substantial right would be deprived without immediate review. We disagree.

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). "Denial of a motion to dismiss is interlocutory because it simply allows an action to proceed and will not seriously impair any right of defendants that cannot be corrected upon appeal from final judgment." *Baker v. Lanier Marine Liquidators, Inc.*, 187 N.C. App. 711, 717, 654 S.E.2d 41, 46 (2007). "Generally, there is no right of immediate appeal from interlocutory orders and

judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, immediate appeal of an interlocutory order is available where the order deprives the appellant of a substantial right which would be lost without immediate review. *See N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995); N.C. Gen. Stat. § 1-277(a) (2013).

NewBridge argues that immediate review is appropriate because the trial court's order affects a substantial right. However, at no point in NewBridge's brief does it attempt to identify this right or explain how it would be deprived without immediate review of the trial court's order. Rather, it provides a conclusory statement that the denial of a motion to dismiss based on the defenses of *res judicata* or collateral estoppel "is immediately appealable as affecting a substantial right."

This Court has held that denial of a motion to dismiss premised on *res judicata* and collateral estoppel does not *automatically* affect a substantial right; the burden is on the party seeking review of an interlocutory order to show how it will affect a substantial right absent immediate review. *See Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161

(1993) ("[W]e hold that the denial of a motion for summary judgment based on the defense of *res judicata may* affect a substantial right, making the order immediately appealable." (emphasis added)); *see also Williams v. City of Jacksonville Police Dept.*, 165 N.C. App. 587, 589–90, 599 S.E.2d 422, 426 (2004) (stating that "the denial of a motion for summary judgment based on the defense of collateral estoppel *may* affect a substantial right[.]" (emphasis added)). As this Court has previously noted:

> We acknowledge the existence of an apparent conflict in this Court as to whether the denial of a motion for summary judgment based on res judicata affects a substantial right and is immediately appealable. However, our Supreme Court has addressed this issue in *Bockweg*, and, like the panel in [*Country Club of Johnston Cnty., Inc. v. U.S. Fid. & Guar. Co.*, 135 N.C. App. 159, 166, 519 S.E.2d 540, 545 (1999)], "we do not read *Bockweg* as mandating in every instance immediate appeal of the denial of a summary judgment motion based upon the defense of *res judicata*. The opinion pointedly states reliance upon *res judicata* '*may* affect a substantial right.'"

*Heritage Operating, L.P. v. N.C. Propane Exch., LLC*, __ N.C. App. __, __, n.2, 727 S.E.2d 311, 314, n.2 (2012). Thus, to meet its burden of showing how a substantial right would be lost without immediate review, the appealing party must show that "(1) the same factual issues would be present in both trials and

(2) the possibility of inconsistent verdicts on those issues exists." *Id.* at __, 727 S.E.2d at 314 (quotation marks omitted).

First, we overrule NewBridge's argument that the trial court exposed defendants to the possibility of inconsistent verdicts when it rejected their argument that plaintiff's cause of action is barred by *res judicata*. *Res judicata* prevents litigation of the same legal claims, not the same legal issues. *Foreman v. Foreman*, 144 N.C. App. 582, 587, 550 S.E.2d 792, 796, *disc. review denied*, 354 N.C. 68, 553 S.E.2d 38 (2001); *see also State ex. rel. Tucker v. Frinzi*, 344 N.C. 411, 413-14, 474 S.E.2d 127, 128 (1996) ("For *res judicata* to apply, a party must show that the previous suit resulted in a final judgment on the merits [and] *that the same cause of action is involved*[.]" (emphasis added)). In the First Action, the sole claim before the trial court was a request for a declaratory judgment to determine which party was entitled to excess rent payments. Here, Whitehurst is suing NewBridge and HP in order to collect those payments after declaratory judgment in the First Action was entered in its favor. Thus, because the claims asserted here are distinct from those litigated in the First Action, NewBridge has failed to demonstrate the existence of the risk of

an inconsistent verdict and consequently fails to show how a substantial right would be deprived without immediate appellate review of the trial court's order.

Additionally, NewBridge argues that Whitehurst is collaterally estopped from arguing that NewBridge and HP are the same legal entity. Collateral estoppel is a companion doctrine of *res judicata* and serves to promote judicial efficiency and to protect litigants from having to relitigate issues that were previously decided. *Bockweg*, 333 N.C. at 491, 428 S.E.2d at 161. For purposes of collateral estoppel, "the prior judgment serves as a bar *only as to issues actually litigated* and determined in the original action." *City of Asheville v. State*, 192 N.C. App. 1, 17, 665 S.E.2d 103, 117 (2008) (quotation marks omitted) (emphasis in original), *disc. review denied*, 363 N.C. 123, 672 S.E.2d 685 (2009).

In support of its argument, NewBridge points to this Court's opinion in *NewBridge I*, where the Court noted that "[HJBBQ] never transferred its leasehold interest to [NewBridge]; rather, the leasehold interest was transferred to HP, a limited liability company owned wholly by [NewBridge.]" *NewBridge I* at *4. However, the basis of the Court's holding in *NewBridge I* was not the legal relationship between HP and

NewBridge, but the language of the contracts involved in the case. As the Court noted, the Assignment in Lieu of Foreclosure read: "WHEREAS, in order to avoid foreclosure under the Deed of Trust, [HJBBQ] has agreed to assign, grant, convey and transfer to [HP], as the designee of the Bank, all right, title and interest in and to the Lease and the Property in exchange for, among other things, *the cancellation of the Deed of Trust[.]*" *Id.* (emphasis in original). The Court concluded that "[t]he language of the assignment is clear and unambiguous" and "in partial consideration of the assignment, it was agreed the Deed of Trust was to be cancelled." *Id.* Therefore, "with a cancelled Deed of Trust and a voided amendment," the Court determined that "the [Ground Lease] again became the controlling contract." The Court ultimately held that the Ground Lease, "in clear and unambiguous language, plainly provides that the excess rents were payable to Starmount in the event that the property was subleased." *Id.* at *5. Because Whitehurst was the successor to Starmount's interests in the Ground Lease, the Court reversed the trial court's order and remanded for entry of judgment in favor of Whitehurst. *Id.*

Therefore, the issue of whether HP and NewBridge were the same legal entity was not necessary to the Court's determination

in the First Action. NewBridge contends that "[t]he fact that [NewBridge] and HP were separate entities prevented HP from asserting [NewBridge's] rights under the Ground Lease to any excess payments from the Sublease Agreement, effectively eliminating [NewBridge's] ability to be repaid the loan to [HJBBQ]." We do not find this argument persuasive. The *NewBridge I* Court explicitly held that the Ground Lease, "in clear and unambiguous language, plainly provides that the excess rents were payable to Starmount in the event that the property was subleased." *Id.* at *5. Thus, the legal relationship between HP and NewBridge was irrelevant to the Court's decision. The result would have been the same regardless of whether HP could have asserted NewBridge's rights under the Ground Lease, because under that document's "clear and unambiguous language," the excess rents were payable to Starmount.

Accordingly, NewBridge has failed to carry its burden of demonstrating that the possibility of inconsistent verdicts exists on the issue of whether HP and NewBridge are the same legal entity. *See Heritage Operating, L.P.*, __ N.C. App. at __, 727 S.E.2d at 314. Thus, because NewBridge cannot show how a substantial right would be affected without immediate appellate review, we dismiss its appeal from the trial court's

interlocutory order. *See id.* at \_\_, 727 S.E.2d at 316 ("Although the verdicts may be different, there is no possibility of a verdict in the instant case being inconsistent with any previous judicial determinations. Accordingly, we conclude this appeal does not affect a substantial right and dismiss it as interlocutory.").

## Conclusion

Because NewBridge has failed to demonstrate how a substantial right would be lost without immediate review of the trial court's interlocutory order, we dismiss the appeal.

DISMISSED.

Judges DILLON and DAVIS concur.