ARROWOOD, Judge.
 

 *77
 
 First National Bank, formerly known as Yadkin Bank, formerly known as NewBridge Bank, formerly known as Lexington State Bank ("defendant") appeals from an order denying its motion for summary judgment. For the reasons stated herein, we affirm in part and reverse in part.
 

 I.
 
 Background
 

 Defendant engages in commercial lending. On or about 22 November 2004, R.C. Koonts and Sons Masonry, Inc. (the "corporate plaintiff") obtained a $ 417,306.14 loan from defendant. The individual plaintiffs, plaintiff David Craig Koonts ("David Koonts") and plaintiff Roy Clifton Koonts, III ("R.C. Koonts"), who owned the corporate plaintiff at all times relevant to this action, guaranteed the loan.
 

 The parties renewed the loan in 2005. As collateral, R.C. Koonts and Sons Masonry, Inc., R.C. Koonts, and David Koonts (collectively, "plaintiffs") pledged all inventory, vehicles, accounts receivable, machinery, and equipment of the corporate plaintiff. Plaintiffs defaulted on the loan in 2007. The parties entered into a forbearance agreement on 19 December 2007, however, plaintiffs subsequently defaulted on the agreement.
 

 On 15 January 2009, defendant filed suit against plaintiffs seeking repayment of the loan. Defendant also instituted a claim and delivery proceeding to seize the collateral pledged as security for the loan. Pursuant to a 12 February 2009 court order, defendant posted a surety bond and seized the collateral in a claim and delivery proceeding. Plaintiffs were
 
 *78
 
 unable to secure a bond to recover the collateral. On 15 October 2012, the Honorable Theodore Royster of Davidson County Superior Court determined plaintiffs were liable to defendant on the loan.
 

 Plaintiffs filed counterclaims challenging the propriety of the seizure of collateral and requesting consequential damages. Specifically, the counterclaims challenged the enforceability of defendant's security interest and of the forbearance agreement, defendant's right to seize the collateral, and the amount of the loan that remained outstanding. The counterclaims also alleged: the amount of collateral seized forced the corporate plaintiff out of business, the corporate plaintiff lost the rental value of the collateral due to the seizure, and defendant failed to maintain the collateral in proper condition, in violation of Article 9 of the Uniform Commercial Code ("UCC"). Defendant moved for summary judgment on plaintiffs' counterclaims.
 

 The matter came on for hearing before the Honorable John O. Craig, III in Davidson County Superior Court on 15 June 2015. On 3 November 2015, the trial court entered an order granting partial summary judgment, as follows.
 

 1. Insofar as [R.C. Koonts and Sons Masonry, Inc., R.C. Koonts, and David Koonts'] counterclaims challenge [the] seizure of collateral, pursuant to
 
 N.C. Gen. Stat. § 1-473
 
 , et. seq., they are hereby dismissed, with prejudice.
 

 2. Insofar as [R.C. Koonts and Sons Masonry, Inc., R.C. Koonts, and David Koonts'] counterclaims arise out of
 
 *693
 
 Article 9 of the Uniform Commercial Code,
 
 N.C. Gen. Stat. § 25-9-100
 
 , et seq., for failure to make a commercially reasonable disposition of the collateral, [the] claims are not ripe at this time. The Court approves of [R.C. Koonts and Sons Masonry, Inc., R.C. Koonts, and David Koonts] voluntary dismissal of such claims without prejudice, [R.C. Koonts and Sons Masonry, Inc., R.C. Koonts, and David Koonts] shall not be required to pay the costs pursuant to Rule 41(d) when filing or refiling such counterclaims.
 

 3. All other counterclaims of [R.C. Koonts and Sons Masonry, Inc., R.C. Koonts, and David Koonts] are dismissed with prejudice.
 
 [1]
 

 *79
 
 Following a bench trial, the trial court ruled that plaintiffs owed defendant $ 708,373.80, plus interest accruing at 13.25% per annum, plus costs. The trial court entered the final judgment on 3 November 2015. Plaintiffs did not appeal.
 
 [2]
 

 After defendant sold the collateral, plaintiffs filed the instant lawsuit, claiming defendant violated
 
 N.C. Gen. Stat. §§ 25-9-100
 
 ,
 
 et seq.
 
 , (2017) and committed unfair and deceptive trade practices. Defendant answered the complaint on 3 August 2016, and moved for summary judgment on 20 April 2018. Defendants argued in particular that plaintiffs' claims were barred by
 
 res judicata
 
 and collateral estoppel, that plaintiffs lack standing, and that plaintiffs' claims were barred for failure to adduce evidence supporting the elements of their claims.
 

 The matter came on for hearing before the Honorable Martin B. McGee in Davidson County Superior Court on 21 May 2018. The trial court denied defendant's motion for summary judgment by order entered 5 July 2018.
 

 Defendant appeals the trial court's denial of summary judgment.
 

 II.
 
 Discussion
 

 Defendant argues the trial court erred by wholly denying its motion for summary judgment because
 
 res judicata
 
 and collateral estoppel bar all claims except the allegation that defendant disposed of the collateral in a commercially reasonable manner. Therefore, defendant argues the trial court erred when it did not grant partial summary judgment. We agree.
 

 A.
 
 Grounds for Appellate Review
 

 At the outset, we must address the interlocutory nature of this appeal. Defendant contends the trial court's interlocutory order is immediately appealable because defendant would be deprived of a substantial right without immediate review. We agree.
 

 "The denial of summary judgment is not a final judgment, but rather is interlocutory in nature."
 
 Williams v. City of Jacksonville Police Dep't
 
 ,
 
 165 N.C. App. 587
 
 , 589,
 
 599 S.E.2d 422
 
 , 426 (2004) (citation and quotation marks omitted). As a matter of course, our Court does not review
 
 *80
 
 interlocutory orders.
 

 Id.
 

 "If, however, the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review, we may review the appeal under
 
 N.C. Gen. Stat. §§ 1-277
 
 (a) and 7A-27(d)(1)."
 

 Id.
 

 (citation and internal quotation marks omitted).
 

 "[T]he denial of a motion for summary judgment based on the defense of
 
 res judicata
 
 may affect a substantial right, making the order immediately appealable."
 

 Id.
 

 at 589
 
 ,
 
 599 S.E.2d at 426
 
 (citation and quotation marks omitted). However, a mere allegation that
 
 res judicata
 
 bars a suit "does not
 
 automatically
 
 affect a substantial right; the burden is on the party seeking review of an interlocutory order to show how it will affect a substantial right absent immediate review."
 
 Whitehurst Inv. Properties, LLC v. NewBridge Bank
 
 ,
 
 237 N.C. App. 92
 
 , 95,
 
 764 S.E.2d 487
 
 , 489 (2014) (emphasis in original).
 

 *694
 
 For an appellant "to meet its burden of showing how a substantial right would be lost without immediate review," the appellant must demonstrate: "(1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists."
 
 Id.
 
 at 96,
 
 764 S.E.2d at 490
 
 (citation and quotation marks omitted).
 

 Here, defendant argues it was entitled to summary judgment on all claims except those arising out of Article 9 of the UCC,
 
 N.C. Gen. Stat. § 25-9-100
 
 ,
 
 et seq
 
 ., for failure to make a commercially reasonable disposition of the collateral. Therefore, defendant contends, because plaintiffs' complaint includes allegations that were already litigated, or could have been litigated, in the prior case in addition to claims arising out of Article 9, the trial court's denial of its motion for summary judgment is immediately appealable because re-litigation of the claims is barred by
 
 res judicata
 
 and collateral estoppel. Absent immediate appeal, defendant would lose a substantial right because trial of the instant case could result in inconsistent judgments between the same parties involving the seizure of the same collateral. For the reasons that follow, we agree. Therefore, defendant's appeal is properly before this court.
 

 B.
 

 Res Judicata
 

 First, defendant argues
 
 res judicata
 
 bars all claims except issues related to the commercial reasonableness of the disposition of the collateral.
 

 "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' "
 
 In re Will of Jones
 
 ,
 
 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008) (quoting
 
 Forbis v. Neal
 
 ,
 
 361 N.C. 519
 
 , 524,
 
 649 S.E.2d 382
 
 , 385 (2007) ).
 

 *81
 
 "Under the doctrine of res judicata or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies."
 
 Williams v. Peabody
 
 ,
 
 217 N.C. App. 1
 
 , 5,
 
 719 S.E.2d 88
 
 , 92 (2011) (citation and quotation marks omitted). For an action to be barred by
 
 res judicata
 
 , "a party must show that the previous suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both the party asserting
 
 res judicata
 
 and the party against whom
 
 res judicata
 
 is asserted were either parties or stand in privity with parties."
 

 Id.
 

 (citation and quotation marks omitted).
 
 Res judicata
 
 bars both "matters actually determined or litigated in the prior proceeding" and also "all relevant and material matters within the scope of the proceeding which the parties, in the exercise of reasonable diligence, could and should have brought forward for determination."
 
 Id.
 
 at 7,
 
 719 S.E.2d at 93
 
 (citation and quotation marks omitted).
 

 Here, it is undisputed that the parties in the instant action are the same parties that litigated the first suit, which resulted in a final judgment. Additionally, both suits rose from the same factual circumstances addressed by the first suit: When plaintiffs defaulted on defendant's loan to plaintiffs, defendant filed a complaint to enforce repayment. Defendant also caused a claim and delivery order of seizure of the items plaintiffs had pledged as collateral for the loan. Plaintiffs then raised various allegations in their counterclaims related to both the seizure and disposition of the collateral.
 

 Although the first suit resulted in a final judgment, finding plaintiffs owed defendant $ 708,373.80, plus interest accruing at 13.25%, plus costs, and that defendant could sell the collateral, both parties anticipated plaintiffs would file a second suit based on this same collateral. The trial court specifically dismissed one of plaintiffs' counterclaims in the first suit, without prejudice, because it was not ripe:
 

 2. Insofar as [R.C. Koonts and Sons Masonry, Inc., R.C. Koonts, and David Koonts'] counterclaims arise out of Article 9 of the Uniform Commercial Code,
 
 N.C. Gen. Stat. § 25-9-100
 
 , et seq., for failure to make a commercially reasonable disposition of the collateral, [the] claims are not ripe at this time. The Court approves of [R.C. Koonts and Sons Masonry, Inc., R.C. Koonts, and David Koonts] voluntary dismissal of such claims without prejudice,
 
 *695
 
 [R.C. Koonts and Sons Masonry, Inc., R.C. Koonts, and David Koonts] shall not be
 
 *82
 
 required to pay the costs pursuant to Rule 41(d) when filing or refiling such counterclaims.
 

 However, the complaint in the instant, second suit exceeds the counterclaim the trial court dismissed without prejudice in the first suit. The complaint specifically raises allegations related to the seizure of the collateral, an issue that was adjudicated in the first lawsuit:
 

 15. R.C. Koonts and Sons was operated and been incorporated [
 
 sic
 
 ] for 15 years, and operated as a partnership for 27 years to the formation of a corporation. R.C. Koonts and Sons operated and engaged in the masonry business continuously until Defendant
 
 seized
 
 Plaintiffs assets
 
 thereby
 
 putting them out of business. Plaintiffs had no assets with which to operate since said seizure of all its assets by Defendant, and has been closed since the seizure after many years of continuous, successful operation as a thriving business. ...
 

 ....
 

 17. Plaintiffs have been damaged for the loss of said assets in an amount to be determined at trial but believed to be in excess of $ 25,000.00.
 

 18. In addition, Plaintiffs have been damaged in that they have lost their business and the use of said assets, which had a fair rental value of $ 50,000.00 per month for each month since the seizure of said assets on March 12, 2009.
 

 19. Defendant's
 
 seizure
 
 of the assets of Plaintiffs, proximately caused the closure of the business of R.C. Koonts and Sons, damaging said Plaintiff by the loss of business and income, an amount to be determined at trial, since the closure of Plaintiffs' business continuing into an indefinite time into the future.
 

 20. Defendant's
 
 seizure
 
 of the helicopter of Defendant David Craig Koonts has proximately caused and damaged said Plaintiff in the fair market value and rental value of the helicopter in an amount to be determined at trial but believed to be in excess of $ 25,000.00[.]
 

 (Emphasis added).
 

 *83
 
 Clearly, these claims relate to the
 
 seizure
 
 of the collateral. Allegations related to the collateral's seizure were litigated in the first lawsuit, where the trial court determined "Plaintiff was legally permitted to seize all of the machinery, equipment and other collateral[.]" Therefore, all of defendant's counterclaims related to the seizure of collateral pursuant to
 
 N.C. Gen. Stat. § 1-473
 
 ,
 
 et seq.
 
 , in the first suit were dismissed. Accordingly,
 
 res judicata
 
 bars these claims and the damages plaintiffs prayed for in their complaint related to allegations of an improper seizure, and loss of the business due to the seizure, cannot be recovered. To hold otherwise could result in inconsistent verdicts related to the seizure of the collateral.
 

 In sum, the 3 November 2015 order makes clear that all claims except those arising out of Article 9 of the UCC,
 
 N.C. Gen. Stat. § 25-9-100
 
 ,
 
 et seq.
 
 , for failure to make a commercially reasonable disposition of the collateral were decided in the first suit. Therefore, plaintiffs' attempts to bring claims outside of those arising out of Article 9 of the UCC are barred by
 
 res judicata
 
 . Plaintiffs can no longer request damages based on allegations that the business could not continue after the seizure of the collateral, that defendant seized more collateral than it was entitled to seize, that the seizure proximately caused the loss of the business, and that the business was damaged because it did not have the use of the collateral after the seizure. Furthermore, to the extent the second claim, alleging unfair and deceptive trade practices, relates to anything other than the claim reserved by the 3 November 2015 order, it is also barred by
 
 res judicata
 
 .
 

 However, it is clear that the trial court in the first suit dismissed plaintiffs' claim arising out of Article 9 of the UCC,
 
 N.C. Gen. Stat. § 25-9-100
 
 ,
 
 et seq.
 
 , for failure to make a commercially reasonable disposition of the collateral without prejudice. Therefore, plaintiffs' allegations that defendant failed to
 
 *696
 
 dispose or sell of the collateral in a commercially reasonable manner, including that defendant did not properly maintain the property to allow for a commercially reasonable sale, is not barred by
 
 res judicata
 
 and may proceed to trial. Because defendant's collateral estoppel argument requests the same conclusion we have reached based on the doctrine of
 
 res judicata
 
 , we need not consider defendant's second argument on appeal.
 

 We reverse the trial court's order to the extent it permitted plaintiffs to raise claims in addition to those arising out of Article 9 of the UCC,
 
 N.C. Gen. Stat. § 25-9-100
 
 ,
 
 et seq.
 
 , for failure to make a commercially reasonable disposition of the collateral.
 

 *84
 
 III.
 
 Conclusion
 

 For the foregoing reasons, we reverse in part and affirm in part.
 

 REVERSED IN PART; AFFIRMED IN PART.
 

 Chief Judge MCGEE and Judge INMAN concur.
 

 [1]
 

 Alterations have been added for clarity because plaintiffs were the defendants in the first law suit, and defendant was the plaintiff.
 

 [2]
 

 The partial summary judgment order and the final order were amended twice; however, the amendments did not alter the dismissal of plaintiffs' counterclaims. The amendments only added language describing the seized collateral, which was required by the North Carolina Division of Motor Vehicles and the Federal Aviation Administration to permit defendant to proceed with the disposition of the property.