**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2172

JOHN WILLIAM BISHOP; DONNA J. BISHOP,

       Plaintiffs - Appellants,

     v.

COUNTY OF MACON, NORTH CAROLINA; MACON COUNTY SHERIFF'S
DEPARTMENT; ROBERT L. HOLLAND, Individually and in his
Official Capacity as Sheriff of Macon County; C. J. LAU,
Individually and in his Official Capacity as Deputy Sheriff
of Macon County; GARY GARNER; W. T. POTTS; OHIO CASUALTY
INSURANCE COMPANY,

       Defendants - Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Bryson City. Max O. Cogburn, Jr.,
District Judge. (2:10-cv-00009-MOC-DLH)

Submitted: June 29, 2015          Decided: July 9, 2015

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul Louis Bidwell, Asheville, North Carolina; Douglas A. Ruley,
Leicester, North Carolina, for Appellants. Sean F. Perrin, WOMBLE
CARLYLE SANDRIDGE & RICE, LLP, Charlotte, North Carolina; Ronald
K. Payne, LONG, PARKER, WARREN, ANDERSON & PAYNE, PA, Asheville,
North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John William Bishop ("John") and his mother, Donna J. Bishop ("Donna"), appeal the district court's order adopting the magistrate judge's revised recommendation and dismissing with prejudice Donna's federal claims under 42 U.S.C. § 1983 (2012); dismissing with prejudice the Bishops' state law claims for negligence and bailment against Appellees Holland and Lau in their individual capacities; dismissing with prejudice Donna's state law claims against Appellee Garner; and dismissing without prejudice Donna's remaining state law claims. The Bishops assert that the court erred in dismissing Donna's federal claims, erred in dismissing the negligence and bailment claims, and abused its discretion in exercising supplemental jurisdiction over some of their state law claims but not others. Finding no error, we affirm.

We review de novo a district court's dismissal for failure to state a claim, accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012); see Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," with "enough facts to state a claim

3

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Under this standard, bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Moreover, when "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotation marks omitted).

The Bishops first challenge the dismissal of Donna's § 1983 claims, asserting that personal property was wrongfully seized from her home because the items were not listed in the search warrants. A valid search warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The purpose of this requirement is to preclude officers from a general, "exploratory rummaging in a person's belongings." United States v. Dargan, 738 F.3d 643, 647 (4th Cir. 2013) (internal quotation marks omitted).

"Nevertheless, a warrant is not intended to impose a constitutional strait jacket on investigating officers. Courts must refrain from interpreting warrant terms in a hypertechnical manner, and should instead employ a commonsense and realistic approach." Id. (citation and internal quotation marks omitted).

"A search is not invalidated in its entirety merely because some seized items were not identified in the warrant." United States v. Robinson, 275 F.3d 371, 381 (4th Cir. 2001). Thus, to prevail on an unlawful seizure claim, a plaintiff must prove that the government unreasonably seized property. Soldal v. Cook Cnty., 506 U.S. 56, 71 (1992).

Although some of the personal property seized was not listed in the search warrants, we find no error in the district court's dismissal of these claims. A commonsense but not hypertechnical review of the search warrants accounts for the items seized. The mere assertion, without more, that police seized some items not listed in the warrants does not render the seizures unconstitutional.

The Bishops next contend that the district court erred in dismissing their state law claims for negligence and bailment against Holland and Lau in their individual capacities, arguing that public official immunity did not apply. We disagree. In North Carolina, public officials are generally immune from personal liability for negligence in the performance of their duties unless evidence demonstrates that they acted maliciously, corruptly, or outside the scope of their official authority. Bailey v. Kennedy, 349 F.3d 731, 742 (4th Cir. 2003); Wilcox v. City of Asheville, 730 S.E.2d 226, 238 (N.C. Ct. App. 2012). Here,

the Bishops have neither alleged nor presented any evidence demonstrating that Holland or Lau acted maliciously, corruptly, or outside the scope of their official authority. Moreover, the Bishops' mere allegations of gross negligence cannot defeat immunity. Shaw v. Stroud, 13 F.3d 791, 803 (4th Cir. 1994).

The Bishops also challenge the district court's exercise of supplemental jurisdiction over their state law claims. We review the court's exercise of supplemental jurisdiction for abuse of discretion. Jordahl v. Democratic Party of Va., 122 F.3d 192, 203 (4th Cir. 1997). The doctrine of supplemental jurisdiction allows district courts "authority to decline to exercise supplemental jurisdiction in limited circumstances, including . . . where the court dismisses the claims over which it has original jurisdiction." ESAB Group, Inc. v. Zurich Ins. PLC, 685 F.3d 376, 394 (4th Cir. 2012); see 28 U.S.C. § 1367(c)(3) (2012). In deciding whether to exercise supplemental jurisdiction, a court should consider "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). We conclude that the district court did not abuse its discretion in exercising supplemental jurisdiction and dismissing the state law claims that involved issues of settled state law. Mauro v. S. New England Telecomms., Inc., 208 F.3d 384, 388 (2d Cir. 2000).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7