BRYANT, Judge.
 

 *520
 
 Where a federal court's dismissal of claims pursuant to Federal Rule 12(b)(6) is not an adjudication on the merits for purposes of collaterally estopping a plaintiff from raising the same or related claim under North Carolina State law in our State's courts, the trial court erred in dismissing plaintiff-appellant's conversion claim based on collateral estoppel, and we reverse. Where there is no evidence in the record to support a legal conclusion that sanctions are proper, we affirm the trial court's order denying defendants' motion to impose sanctions.
 

 In September 2006, John William Bishop resided with his friend, Gary Garner, in Macon County, North Carolina. During that time, John Bishop worked for W.T. Potts, who operated a real estate management company. Between late 2006 and early 2007, multiple larcenies were reported by owners of vacation homes managed by Potts. On 1 March 2007, John Bishop went to live with his mother, Donna J. Bishop.
 

 Three days later, Garner filed a complaint with the Macon County Sheriff's Department, accusing John Bishop of stealing cash from him and telling investigating officers that John Bishop was in possession of stolen goods. On or about 20 March and 11 April 2007,
 
 [1]
 
 based on Garner's allegations, Deputy Sheriff C.J. Lau executed search warrants at the home of John Bishop and his mother, Donna, and seized numerous items of personal property. The Bishops alleged that the items seized were not identified either in the applications for the warrants or in the warrants themselves. The seized items included two televisions, a remote control, a surround-sound system, a router, and eight oriental rugs of varying sizes. It is alleged that Deputy Lau released the seized property to Potts, but did not instruct Potts to preserve the seized property; instead, the Bishops allege Potts distributed items to purported victims of the larcenies, and kept or disposed of the remainder of the property.
 

 Following the execution of the search warrants, Donna Bishop was arrested on charges of possession of stolen property, which were later dismissed. The Bishops alleged the charges were dismissed for "insufficient evidence, in return for guilty pleas by [her son, John Bishop],
 
 *521
 
 entered, in part, to protect his mother." John Bishop entered
 
 Alford
 
 pleas to two charges of breaking and entering. The Bishops demanded that their personal property
 
 *546
 
 be returned, but their demand was refused.
 

 On 5 April 2010, the Bishops filed a federal court complaint against Garner, Potts, the County of Macon, and the Macon County Sheriff's Office (collectively, "defendants"), arising out of the same incidents alleged in the complaint filed in the instant case, including claims under
 
 42 U.S.C. § 1983
 
 against Sheriff Robert L. Holland and Deputy Lau.
 
 See
 

 State of N.C. ex rel. Bishop v. Cnty. of Macon et al.
 
 , 2:10cv09,
 
 2010 WL 4640222
 
 (W.D.N.C. Aug. 22, 2010). In addition to the section 1983 claims alleging violations of the Fourth and Fourteenth Amendments for arrest and illegal seizure, the Bishops alleged state claims of negligence, false arrest, malicious prosecution, conversion, bailment, and punitive damages.
 
 See
 
 id.
 

 All the named defendants filed motions to dismiss and, by order filed 22 August 2011, the Honorable Martin Reidinger dismissed the federal and state law claims without prejudice.
 

 The Bishops appealed to the United States Court of Appeals for the Fourth Circuit and Judge Reidinger's order was affirmed in part, vacated in part, and remanded.
 
 Bishop v. Cnty. of Macon et al.
 
 , No. 11-2021,
 
 2012 WL 2366162
 
 (4th Cir. June 22, 2012) (per curiam) (unpublished). The Fourth Circuit held John Bishop's federal section 1983 suit was barred by
 
 Heck v. Humphrey
 
 ,
 
 512 U.S. 477
 
 ,
 
 114 S.Ct. 2364
 
 ,
 
 129 L.Ed.2d 383
 
 (1994), which holds that a section 1983 suit must be dismissed if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."
 
 2012 WL 2366162
 
 at *1 ;
 
 see
 

 Heck
 
 ,
 
 512 U.S. at 486
 
 ,
 
 114 S.Ct. at 2372
 
 ,
 
 129 L.Ed.2d at 393-94
 
 ("[T]he hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction...."). The Fourth Circuit reasoned that John Bishop's "success on his claim for deprivation of property would ... imply the invalidity of his convictions" as they "cannot stand without evidence that John was in possession of the stolen items. This is so because his possession was the only evidence that John committed any offense."
 
 Bishop
 
 ,
 
 2012 WL 2366162
 
 at *2 (citation omitted). The Fourth Circuit held that
 
 Heck
 
 did not bar Donna Bishop's section 1983 claims and remanded those and the remaining state claims to the district court.
 

 Id.
 

 On remand, Donna Bishop's federal claims and both John and Donna's state claims for negligence and bailment were dismissed with prejudice by the Honorable Max Cogburn on 29 September 2014. Judge Cogburn declined to exercise supplemental jurisdiction over the remaining state
 
 *522
 
 law claims for false arrest, malicious prosecution and abuse of process, and conversion, and dismissed them without prejudice. On 28 October 2014, the Bishops filed notice of appeal to the Fourth Circuit.
 

 On 18 November 2014, the Bishops (hereinafter, "plaintiffs") filed their complaint in the instant case in Buncombe County Superior Court based on the same facts alleged in federal court, but omitting the federal claims. Subsequently, plaintiffs filed a motion to stay proceedings in superior court as "the determination of [plaintiffs'] state law claims remain[ed] on appeal at [that] time ... [and] in the event that the Fourth Circuit Court of Appeals affirms the lower Court's ruling."
 

 Venue was changed to Macon County, and thereafter, defendants County of Macon, Macon County Sheriff's Department, Sheriff Holland, Deputy Lau, and Potts
 
 [2]
 
 filed a motion to dismiss the entire complaint and a motion for sanctions against plaintiffs and their respective counsel. On 9 July 2015, the Fourth Circuit affirmed Judge Cogburn's order in
 
 Bishop v. Cnty. of Macon et al.
 
 ,
 
 620 Fed.Appx. 148
 
 (4th Cir. 2015) (per curiam) (unpublished).
 

 Thereafter, plaintiffs dismissed all claims of negligence, malicious prosecution, abuse of process, and bailment. At a 14 September 2015 hearing on defendants' motions to dismiss, plaintiffs also dismissed claims against Macon County. As a result, the only claims remaining on the date of the hearing were for conversion, false arrest (against all defendants except Potts), and a claim for punitive damages. On 5 October 2015, the Honorable
 
 *547
 
 Robert T. Sumner granted defendants' motion to dismiss plaintiffs' complaint and denied defendants' motion for sanctions. Donna Bishop ("plaintiff-appellant") appealed, and defendants cross-appealed the denial of their motion for sanctions only as against John Bishop and his counsel.
 

 _________________________
 

 I. Plaintiff-Appellant's Appeal
 

 On appeal, plaintiff-appellant Donna Bishop argues the trial court erred in dismissing her claim for conversion on the basis of collateral estoppel based on the dismissal of the same claim in federal court. We agree, as the federal court's dismissal was not an adjudication on the merits.
 

 *523
 
 "This Court must conduct a
 
 de novo
 
 review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct."
 
 Leary v. N.C. Forest Prods., Inc.
 
 ,
 
 157 N.C.App. 396
 
 , 400,
 
 580 S.E.2d 1
 
 , 4 (2003).
 

 The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.
 

 Stanback v. Stanback
 
 ,
 
 297 N.C. 181
 
 , 185,
 
 254 S.E.2d 611
 
 , 615 (1979) (citations omitted).
 

 "The elements of collateral estoppel ... are as follows: (1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined."
 
 Bluebird Corp. v. Aubin
 
 ,
 
 188 N.C.App. 671
 
 , 678,
 
 657 S.E.2d 55
 
 , 61 (2008) (quoting
 
 McDonald v. Skeen
 
 ,
 
 152 N.C.App. 228
 
 , 230,
 
 567 S.E.2d 209
 
 , 211 (2002) ). In other words, "[u]nder collateral estoppel, parties are precluded from retrying
 
 fully litigated
 
 issues that were decided in any prior determination, even where the claims asserted are not the same."
 
 McCallum v. N.C. Coop. Extension Serv. of N.C. State Univ.
 
 ,
 
 142 N.C.App. 48
 
 , 51,
 
 542 S.E.2d 227
 
 , 231 (2001) (emphasis added) (citation omitted). Thus, "even if the subsequent action is based on an entirely different
 
 claim
 
 [,]" collateral estoppel bars "the subsequent adjudication of a previously determined
 
 issue
 
 [.]"
 
 Williams v. City of Jacksonville Police Dep't
 
 ,
 
 165 N.C.App. 587
 
 , 591-92,
 
 599 S.E.2d 422
 
 , 427-28 (2004) (emphasis added) (quoting
 
 Whitacre P'ship v. Biosignia, Inc.
 
 ,
 
 358 N.C. 1
 
 , 15,
 
 591 S.E.2d 870
 
 , 880 (2004) ).
 

 Collateral estoppel also applies where, as here, the first adjudication is conducted in federal court and the second in state court.
 
 McCallum
 
 ,
 
 142 N.C.App. at 52
 
 ,
 
 542 S.E.2d at 231
 
 (citation omitted). "Thus, as an initial step, we must determine whether the federal court's dismissal of [p]laintiffs' claims under
 
 Federal
 
 Rule 12(b)(6) was a final judgment on the merits that actually decided the issue of [conversion]."
 
 Fox v. Johnson
 
 , --- N.C. App. ----, ----,
 
 777 S.E.2d 314
 
 , 323 (2015) (emphasis added),
 
 disc. rev. denied
 
 ,
 
 368 N.C. 679
 
 ,
 
 781 S.E.2d 480
 
 (2016).
 

 In
 
 Fox
 
 , this Court held that the dismissal of a federal case for failure to state a claim was not an adjudication on the merits for the purpose of collateral estoppel, as it would have been if it had been dismissed
 
 *524
 
 pursuant to North Carolina Rule 12(b)(6).
 

 Id.
 

 at ----,
 
 777 S.E.2d at 324
 
 (It is well settled that "[a] dismissal under [North Carolina Rule of Civil Procedure] Rule 12(b)(6) operates as an adjudication on the merits unless the court specifies that the dismissal is without prejudice." (alterations in original) (quoting
 
 Hoots v. Pryor
 
 ,
 
 106 N.C.App. 397
 
 , 404, 417 S.E.2 269, 274 (1992) )). This holding was based in large part on the heightened pleading standard under Federal Rule 12(b)(6), which "is a different,
 
 higher
 
 pleading standard than mandated under our own General Statutes."
 

 Id.
 

 (noting "[t]he purpose of a motion under Federal Rule 12(b)(6) is to test[ ] the sufficiency of a complaint and
 
 not
 

 to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses
 
 " (alterations in original) (citation omitted));
 
 see generally
 

 Ashcroft v. Iqbal
 
 ,
 
 556 U.S. 662
 
 ,
 
 129 S.Ct. 1937
 
 ,
 
 173 L.Ed.2d 868
 
 (2009) ;
 
 *548
 

 Bell Atl. Corp. v. Twombly
 
 ,
 
 550 U.S. 544
 
 ,
 
 127 S.Ct. 1955
 
 ,
 
 167 L.Ed.2d 929
 
 (2007). This Court also noted in
 
 Fox
 
 that "the federal court explicitly applied the so-called 'plausibility' pleading standard as enunciated ... in ...
 
 Twombly
 
 [.]"
 
 Fox
 
 , --- N.C. App. at ----,
 
 777 S.E.2d at 324
 
 .
 

 Thus, this Court noted that
 

 the "issue actually litigated in the prior suit ... and ... actually determined" by the federal court,
 
 see
 

 Bluebird Corp.
 
 ,
 
 188 N.C.App. at 678
 
 ,
 
 657 S.E.2d at 61
 
 (citation and internal quotation marks omitted), was whether Plaintiffs' pleadings met the plausibility standard applicable to motions to dismiss pursuant to Federal Rule 12(b)(6). The federal court's opinion simply did not consider or address the issue of whether Plaintiffs' pleadings sufficiently stated a claim to survive a motion to dismiss pursuant to the
 
 notice pleading requirements of North Carolina Rule 12(b)(6)
 
 .
 

 Id.
 

 at ----,
 
 777 S.E.2d at 325
 
 (alterations in original) (emphasis added).
 

 Similarly, in the instant case, Judge Cogburn's order did not specifically note it was referencing
 
 Federal
 
 Rule 12(b)(6) in discussing defendants' motion to dismiss. However, just as the federal court did in
 
 Fox
 
 , in citing and explaining the law relating to motions to dismiss for failure to state a claim, Judge Cogburn cited only to federal case law, including
 
 Twombly
 
 and
 
 Iqbal
 
 , the two cases which have become synonymous with the federal heightened-pleading standard.
 
 See
 

 id.
 

 at ----,
 
 777 S.E.2d at 324
 
 . Furthermore, the federal court in the instant case declined to exercise its supplemental jurisdiction over the state law claims, including the conversion claim, "[i]n the interest of avoiding needless decisions of state law[.]" In so doing, it dismissed the claim "without prejudice,"
 

 *525
 
 essentially choosing "not to resolve contests surrounding the facts, the merits of [the] claim, or the applicability of defenses" to the conversion claim.
 

 Id.
 

 Thus, "[g]iven the difference between the federal and State pleading standards, we must conclude," as this Court did in
 
 Fox
 
 , "that a federal court's dismissal of claims pursuant to Federal Rule 12(b)(6) is not an adjudication on the merits for purposes of collaterally estopping ... plaintiff[s] from raising the same or related claim[ ] under State law in our State's courts."
 

 Id.
 

 at ----,
 
 777 S.E.2d at 325
 
 (citation omitted). Accordingly, the trial court erroneously granted defendants' motion to dismiss based upon their assertion of collateral estoppel as plaintiffs' claim for conversion was not "fully litigated" in federal court.
 
 See
 

 McCallum
 
 ,
 
 142 N.C.App. at 51
 
 ,
 
 542 S.E.2d at 231
 
 .
 

 II. Defendants' Cross-Appeal
 

 On cross-appeal, defendants contend the trial court erred in denying defendants' motions for Rule 11 sanctions against John Bishop and his counsel. Specifically, defendants contend Bishop's complaint lacked legal sufficiency as the statute of limitations barred all of his claims, or alternatively, his claims were barred by res judicata, collateral estoppel, and other well-established law. We disagree.
 

 The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable
 
 de novo
 
 as a legal issue. In the
 
 de novo
 
 review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).
 

 Turner v. Duke Univ.
 
 ,
 
 325 N.C. 152
 
 , 165,
 
 381 S.E.2d 706
 
 , 714 (1989).
 

 North Carolina Rule of Civil Procedure 11(a) provides as follows:
 

 The signature of an attorney or party [on a pleading] constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing
 
 *526
 
 law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to
 
 *549
 
 cause unnecessary delay or needless increase in the cost of litigation.
 

 N.C. Gen. Stat. § 1A-1, Rule 11(a) (2015). "A pleading lacking in any of [the three above-mentioned areas-legal sufficiency, factual sufficiency, or proper purpose-]is sufficient to support sanctions under Rule 11."
 
 Golds v. Central Express, Inc.
 
 ,
 
 142 N.C.App. 664
 
 , 668,
 
 544 S.E.2d 23
 
 , 27 (2001) (citation omitted).
 

 "A court's failure to enter findings of fact and conclusions of law on this issue is error which generally requires remand in order for the trial court to resolve any disputed factual issues."
 
 McClerin v. R-M Indus., Inc.
 
 ,
 
 118 N.C.App. 640
 
 , 644,
 
 456 S.E.2d 352
 
 , 355 (1995) (citation omitted). "However, remand is not necessary when there is no evidence in the record, considered in the light most favorable to the movant, which could support a legal conclusion that sanctions are proper."
 

 Id.
 

 (citation omitted). Here, defendants' challenge to the court's ruling mainly concerns the legal sufficiency of the complaint.
 

 Whether a motion is legally sufficient requires this Court to look at "the facial plausibility of the pleading and only then, if the pleading is implausible under existing law, to the issue of whether to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, the complaint was warranted by existing law."
 

 In re Thompson
 
 ,
 
 232 N.C.App. 224
 
 , 230,
 
 754 S.E.2d 168
 
 , 173 (2014) (quoting
 
 Polygenex Int'l, Inc. v. Polyzen, Inc.
 
 ,
 
 133 N.C.App. 245
 
 , 249,
 
 515 S.E.2d 457
 
 , 460 (1999) ).
 

 A.
 
 Statute of Limitations
 

 When supplemental state law claims are within a federal court's jurisdiction because the action was brought pursuant to federal or constitutional law, "a voluntary dismissal under the Federal Rules in a non-diversity case in federal court does not toll the statute of limitations or invoke a savings provision."
 
 Bockweg v. Anderson
 
 ,
 
 328 N.C. 436
 
 , 439,
 
 402 S.E.2d 627
 
 , 629 (1991).
 

 After a state claim is dismissed in federal court, the state period of limitations is "tolled while the claim is pending and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period."
 

 *527
 

 Harter v. Vernon
 
 ,
 
 139 N.C.App. 85
 
 , 94,
 
 532 S.E.2d 836
 
 , 841-42 (2000) (quoting
 
 Estate of Fennell v. Stephenson
 
 ,
 
 137 N.C.App. 430
 
 , 435,
 
 528 S.E.2d 911
 
 , 914 (2000) ). Defendants contend that John Bishop had until 22 July 2012-thirty days after the 2012 Fourth Circuit order-to refile his state claims to avoid the statute of limitations, and that by filing on 18 November 2014, his claims were barred. Defendants' argument relies on the initial 22 August 2011 order dismissing John Bishop's state law claims, which order was affirmed by the Fourth Circuit on 22 June 2012. However, John Bishop's state law claims were dismissed without prejudice and, in the 29 September 2014 order, the federal court resolved the issue regarding the status of John Bishop's state law claims by addressing them as well as those of Donna Bishop:
 

 "The Court finds that public official immunity stands in bar to the claims against Holland and Lau based on negligence and bailment in their individual capacities. The same reasoning bars any such claim by
 
 Mr. Bishop
 
 against Holland and Lau in their individual capacities.
 

 ...
 

 2. The Third Claim for Relief asserted by
 
 John Bishop
 
 ... based on negligence are [sic] hereby
 
 DISMISSED
 
 with prejudice as to Holland and Lau in their individual capacities;
 

 3. The Seventh Claim for Relief asserted by
 
 John
 

 Bishop
 
 ... based on bailment are [sic] hereby
 
 DISMISSED
 
 with prejudice as to Holland and Lau in their individual capacities[.]
 

 (Emphasis added).
 

 Pursuant to the express terms of this order, some, if not all, of John Bishop's state law claims survived in the federal court proceedings at least until the entry of the federal court's 29 September 2014 order. Therefore, at a minimum, John Bishop had thirty days to refile in state court, which deadline he met on 29 October 2014 by filing an application for extension of time. Accordingly, his claims were not barred by the statute of limitations.
 

 *550
 
 B.
 
 Res Judicata or Collateral Estoppel
 

 Defendants also argue the trial court erred in imposing sanctions as John Bishop's conversion claim was barred by res judicata and collateral estoppel as the 29 September 2014 order determined that the seizures were lawful and "[o]ne of the essential elements of conversion
 
 *528
 
 is wrongful possession by the defendants." For the reasons stated in Section I and those that follow, we disagree.
 

 Under the doctrine of res judicata, "a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them."
 
 Bockweg v. Anderson
 
 ,
 
 333 N.C. 486
 
 , 491,
 
 428 S.E.2d 157
 
 , 161 (1993) (citation omitted). Under the doctrine of collateral estoppel, "the determination of an issue in a prior judicial or administrative proceeding precludes the relitigation of that issue in a later action, provided the party against whom the estoppel is asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding."
 
 Williams
 
 ,
 
 165 N.C.App. at 589
 
 ,
 
 599 S.E.2d at 427
 
 (quoting
 
 Whitacre P'ship
 
 ,
 
 358 N.C. at 15
 
 ,
 
 591 S.E.2d at
 
 880 ).
 

 Here, defendants contend that because defendants Macon County and the Macon County Sheriff's Department were dismissed as parties in the federal lawsuit, res judicata barred any claims against them in this lawsuit. Defendants' argument is supported almost entirely by federal district court cases, none of which are from North Carolina or even the Fourth Circuit, and one North Carolina state case which is inapplicable here.
 

 Here, the controlling 29 September 2014 order, which defendants contend bars John Bishop's state claims based on res judicata, addressed the merits of both plaintiffs' state law claims for negligence and bailment, addressed the liability of Macon County in the course of dismissing Donna Bishop's federal claims, and declined to exercise supplemental jurisdiction over all remaining state law claims. John Bishop responded to this order by (1) appealing to the Fourth Circuit the issue of whether the federal court acted properly in addressing the merits of some of plaintiffs' state law claims once the federal claims were dismissed; (2) filing the instant state court action within the thirty-day tolling period, but then obtaining a stay pending appeal; and (3) voluntarily dismissing the claims the federal court addressed on the merits once that order was affirmed by the Fourth Circuit Court of Appeals on 29 June 2015.
 

 Thus, the only state law claims that could conceivably be barred by res judicata or collateral estoppel based on the federal court's decision are the claims for negligence and bailment, even assuming the federal court's dismissal of these claims for failure to state a claim pursuant to Rule 12(b)(6) functioned as "a final judgment on the merits that actually decided the issue[s]...."
 
 Fox
 
 , --- N.C. App. at ----,
 
 777 S.E.2d at
 
 323 ;
 

 *529
 

 see also supra
 
 Section I. Accordingly, defendants' argument that the trial court erred in failing to impose sanctions on John Bishop based on the filing of claims barred by res judicata is overruled.
 

 Defendants' argument regarding collateral estoppel-that the federal court's ruling that the seizures were lawful precludes relitigating the issue of conversion because "wrongful possession" is a necessary element of conversion-is without merit. To the contrary, a conversion claim requires wrongful possession
 
 or conversion
 
 ,
 
 Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC
 
 ,
 
 365 N.C. 520
 
 , 523,
 
 723 S.E.2d 744
 
 , 747 (2012) (citation omitted), and the latter element can occur through a wrongful failure to hold property as required by law after the defendant lawfully came into possession of the property.
 
 See
 

 Heaton-Sides v. Snipes
 
 ,
 
 233 N.C.App. 1
 
 , 3-5,
 
 755 S.E.2d 648
 
 , 650-51 (2014) (reversing the trial court's conclusion of law that the plaintiff failed to prove her conversion claim in a foreclosure action where the defendants provided the plaintiff with only one opportunity to remove personal property from foreclosed property once defendants were placed in lawful possession of the same). Like Donna Bishop's claim for conversion, John's claim alleged the element of wrongful conversion based on defendants' alleged "dispos[al] of evidence seized in execution of the subject search warrants" or
 
 *551
 
 defendants' failure to "preserve[ ] the evidence seized in the execution of the search warrants...." Accordingly, for the reasons stated here and in Section I, John Bishop's conversion claim appeared to be well grounded in fact and law.
 

 Lastly, defendants contend John Bishop wrongfully asserted claims seeking to hold nonsuable entities, defendants Macon County and Macon County Sheriff's Department, responsible for alleged wrongdoings of deputy sheriffs, despite precedent which holds otherwise. We disagree.
 

 It is true that "[t]here is no North Carolina statute authorizing suit against a county's sheriff's department."
 
 Efird v. Riley
 
 ,
 
 342 F.Supp.2d 413
 
 , 420 (M.D.N.C. 2004). However, where, as here, "[p]laintiffs took voluntary dismissals on all claims asserted in the Complaint except conversion" prior to the 14 September 2015 hearing, and there is no evidence that the voluntary dismissals were taken in "bad faith,"
 
 see
 

 Stocum v. Oakley
 
 ,
 
 185 N.C.App. 56
 
 , 65,
 
 648 S.E.2d 227
 
 , 234 (2007) ("[V]oluntary dismissals must be taken in good faith and with the intent to pursue the action." (citation omitted)), and defendants put forth no evidence to show the existence of an improper purpose, defendants' argument is overruled.
 

 *530
 
 Accordingly, because "there is no evidence in the record, considered in the light most favorable to the movant, which could support a legal conclusion that sanctions are proper[,]" we affirm the trial court's denial of the motion for sanctions.
 

 In conclusion, based on all of the foregoing, the trial court erred in dismissing Donna Bishop's conversion claim based on collateral estoppel as "a federal court's dismissal of claims pursuant to Federal Rule 12(b)(6) is not an adjudication on the merits for purposes of collaterally estopping ... plaintiff[s] from raising the same or related claim[ ] under State law in our State's courts."
 
 Fox
 
 , --- N.C. App. at ----,
 
 777 S.E.2d at 325
 
 (citation omitted). In addition, the trial court did not err by denying defendants' motion to impose sanctions on John Bishop where the record does not contain evidence to support sanctions on the basis asserted by defendants.
 

 REVERSED IN PART; AFFIRMED IN PART.
 

 Judges STEPHENS and DILLON concur.
 

 [1]
 

 The dates on which the search warrants were executed vary throughout the record.
 

 [2]
 

 Defendant Gary Garner was the only defendant who did not file any motions in the instant case.