UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1677

MICHAEL MEAD,

Plaintiff - Appellant,

v.

CALVIN SHAW, Individually and in his capacity as Captain of the Gaston County Police Department; REGINALD BLOOM, Individually and in his official capacity as a Detective for the Gaston County Police Department; WILLIAM SAMPSON, Individually and in his capacity as a Detective for the Gaston County Police Department; GASTON COUNTY,

Defendants - Appellees,

and

GASTON COUNTY POLICE DEPARTMENT; NORTH CAROLINA STATE BUREAU OF INVESTIGATIONS; WILLIAM J. FARLEY, Individually and in his capacity as the Chief of Police for the Gaston County Police Department; JAMES W. BUIE, Individually and in his capacity as the Assistant Chief of Police for the Gaston County Police Department; CHRISTOPHER REYNOLDS, Individually and in his capacity as a Sergeant for the Gaston County Police Department; CHRISTIE L. RHONEY, Individually and in her capacity as a Sergeant for the Gaston County Police Department; CHRISTOPHER HASKETT, Individually and in his capacity as a Detective for the Gaston County Police Department; WILLIAM E. HOWELL, Individually and in his capacity as a Detective for the Gaston County Police Department; CHRISTOPHER MCAULAY, Individually and in his capacity as a Detective for the Gaston County Police Department; MATTHEW HENSLEY, Individually and in his capacity as a Detective for the Gaston County Police Department; J. K. SHAW, Individually and in his capacity as a Detective for the Gaston County Police Department; WILLIAM GALLOWAY, Individually and in his capacity as a Detective for the Gaston County Police Department; CLYDE PUTNAM, Individually and in his capacity as an Employee for the Gaston County Police Department; J. D.

COSTNER, Individually and as an Officer for the Gaston County Police Department; MARK STEWART, Individually and in his capacity as an Officer for the Gaston County Police Department; RENEE MULLIS, Individually and in her Capacity as an Investigator Agent for the North Carolina State Bureau of Investigations; JOHN DOE, Individually and in his capacity as employee of Gaston County Police Department and or the North Carolina State Bureau of Investigations; DOE BOND COMPANY; JANE DOE, Individually and in her capacity as employee of the Gaston County Police Department and or the North Carolina State Bureau of Investigations,

Defendants,

v.

WILLIAM STETZER,

Movant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:12-cv-00132-GCM)

———————————

Submitted: December 29, 2017                    Decided: January 11, 2018

———————————

Before WILKINSON, KING, and AGEE, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

S. Luke Largess, Jacob B. Sussman, TIN FULTON WALKER & OWEN, Charlotte, North Carolina, for Appellant. Martha Raymond Thompson, STOTT, HOLLOWELL, PALMER & WINDHAM, LLP, Gastonia, North Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Mead appeals the district court's orders granting summary judgment in favor of Calvin Shaw, Reginald Bloom, William Sampson, and Gaston County ("Appellees") and terminating Mead's 42 U.S.C. § 1983 (2012) suit. On appeal, Mead argues that the district court erred in granting summary judgment in favor of Appellees on his Fourth Amendment and malicious prosecution claims[1] because (1) there is a genuine issue of material fact as to whether probable cause existed to arrest him, and (2) Appellees are not shielded by the acts of the prosecutors, a magistrate, or grand juries because Appellees provided those third parties with false and misleading information, or purposefully omitted relevant information.

"We review the district court's grant of summary judgment de novo, applying the same standard as the district court." *Walker v. Mod-U-Kraf Homes, LLC*, 775 F.3d 202, 207 (4th Cir. 2014). We construe the evidence in the light most favorable to Mead, the nonmovant, and draw all reasonable inferences in his favor. *Id.* "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

---

[1] Mead does not challenge the district court's disposition of his other claims. Although Mead's brief makes cursory mention of his state law claim for trespass by a public officer, he provides no argument in support of that claim and has therefore waived review of this issue. *Hensley on behalf of N.C. v. Price*, __F.3d __, __, No. 16-1294, 2017 WL 5711029, at *4 & n.5 (4th Cir. Nov. 27, 2017). Mead also does not challenge the district court's disposition of his Fourteenth Amendment due process claim or the court's dismissal of claims against Gaston County on the basis of qualified immunity, and has likewise waived review of the court's disposition of those claims. *See* Fed. R. App. P. 28(a)(8) (stating that an argument must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (internal quotation marks omitted). "To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Id.* A plaintiff must demonstrate "both but-for and proximate causation," and therefore "subsequent acts of independent decision-makers (e.g., prosecutors, grand juries, and judges) may constitute intervening superseding causes that break the causal chain between a defendant-officer's misconduct and a plaintiff's unlawful seizure." *Id.* Thus, "a police officer is not liable for a plaintiff's unlawful seizure following indictment in the absence of evidence that the officer misled or pressured the prosecution." *Id.* at 648 (brackets and internal quotation marks omitted).

Mead failed to establish that Appellees caused his arrest and trial, as the intervening acts of the magistrate who issued arrest warrants and the grand juries that issued bills of indictment insulate Appellees from liability. Two grand juries issued bills of indictment against Mead. Sergeant Fred Reynolds—who is not a party to this action— presented testimony to both grand juries. Mead has offered no evidence that Reynolds acted maliciously or conspired with Appellees to mislead the grand jury. And even prior to the grand jury proceedings, Appellees sought and obtained arrest warrants from an

4

independent magistrate.[2]   Although Detective Bloom presented evidence to the magistrate, there is no evidence that Bloom proffered false or misleading evidence.   In the absence of such evidence, the probable cause determinations of third parties were the proximate cause of Mead's arrest and detention.  *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir 2012).  Consequently, Mead's federal claims fail.

Finally, because police possessed probable cause to arrest Mead, and because Mead failed to establish that Defendants' actions caused his detention, his state law malicious prosecution claim likewise fails.  *See Fox v. Johnson*, 777 S.E.2d 314, 323 (N.C. Ct. App. 2015), *review denied*, 781 S.E.2d 480 (N.C. 2016) ("both . . . federal Fourth Amendment claims and . . . state malicious prosecution claims include the same element of proximate cause").

Accordingly, we affirm the district court's judgment.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Mead asserts that a fax sent from Reynolds to the district attorney's office indicates that Appellees misled the third parties.  We do not believe that the fax, which was sent months before Bloom spoke to a magistrate and Reynolds testified before the grand juries, can reasonably be viewed as indicative of what testimony was actually presented in those proceedings.